ORIGINAL

FILED IN OPEN COURT
U.S.D.C. - Atlanta

JAN 15 2019

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DON TERRY, TAMAR LEE, AND JEFFREY SMITH | Criminal Indictment<br><br>No. **1:19 CR 017** |

THE GRAND JURY CHARGES THAT:

### Count One
### Conspiracy - 18 U.S.C. § 371

1. Beginning on a date unknown, but from in or about April 7, 2011, and continuing through in or about July 28, 2014 in the Northern District of Georgia, defendants DON TERRY, TAMAR LEE and JEFFREY SMITH, did knowingly and willfully combine, conspire, confederate, agree, and have a tacit understanding with each other, and others known and unknown to the Grand Jury, to commit certain offenses, namely, to knowingly make and present to an agency of the United States, materially false claims against the United States, knowing that such claims were false, fictitious, and fraudulent, in violation of Title 18, United States Code, Section 287.

### Background

2. At all times relevant to this Indictment:

   a. The Internal Revenue Service ("IRS") was an agency of the United States Department of Treasury responsible for administering and

     enforcing the tax laws of the United States, and for collecting taxes (including income taxes) owed to the Treasury of the United States.

  b. Taxpayers who have had income taxes withheld or paid taxes in an amount that exceeds their income tax liability were entitled to tax refunds from the IRS. When a taxpayer is entitled to a refund, the IRS can send the refund in a variety of ways, including mailing a U.S. Treasury check.

  c. Corporations file their federal income tax on a U.S. Corporation Income Tax Return, Form 1120.

## Manner and Means

3. The Defendants, and others known and unknown to the Grand Jury, carried out the conspiracy through the following manner and means, among others:

  a. Obtaining personal identification information, to include names, Social Security numbers, and dates of birth, from persons in homeless shelters and elsewhere without their knowledge or authorization for use in fraudulent tax returns.

  b. Creating sham businesses for the purpose of filing fraudulent tax returns claiming fuel tax credits and receiving fraudulent tax refunds.

  c. Recruiting the owners of genuine businesses incorporated in the State of Georgia to allow their businesses' names and other information to be

used in fraudulent tax returns claiming fuel tax credits to which such businesses were not entitled and obtaining fraudulent tax refunds.

d. Submitting to the IRS false and fraudulent income tax returns that listed addresses under the control of members of this conspiracy.

e. Submitting to the IRS over 140 false and fraudulent federal income tax returns that claimed fraudulent refunds on behalf of both real and fictitious companies for fuel tax credits to which such companies were not entitled.

f. Submitting to the IRS over 70 false and fraudulent federal income tax returns that claimed fraudulent refunds using the personal identifying information of homeless persons and others without these individuals' knowledge and consent.

g. Directing over $2 million in false and fraudulent tax refunds to be disbursed in the form of United States Treasury refund checks or third party bank refund anticipation loan checks and then using such funds for their own benefit.

**Overt Acts**

4. In furtherance of the conspiracy, and in order to effect the purposes and objects thereof, defendants TAMAR LEE, DON TERRY and JEFFREY SMITH, along with their co-conspirators, known and unknown to the Grand Jury, committed and caused to be committed overt acts in the Northern District of Georgia and elsewhere, including but not limited to the following:

a. On April 7, 2011, defendants LEE and TERRY negotiated, or caused to be negotiated, a fraudulently obtained University Bank tax refund check, number 09023344, dated 4/01/2011, payable to A.V., in the amount of $5,910.00, into a JPMorgan Chase Bank account ending in 2927 and opened by LEE in the name of a company registered to her in the State of Georgia.

b. On or about August 13, 2011, defendant TERRY sent an email to M.N. and defendant LEE entitled "New Clients".

c. On or about September 28, 2011, defendant TERRY sent an email to M.N. entitled "Re: New List".

d. On or about January 31, 2012, defendant LEE opened a business checking account ending in 5539 at a Smyrna branch of Regions Bank, in the name of Knight Consulting Group LLC, a shell company registered to LEE in the State of Georgia.

e. On February 24, 2012, defendant LEE negotiated, or caused to be negotiated, a fraudulently obtained Ohio Valley Bank tax refund check, number 3006444, dated 2/17/2012, payable to J.G. in the amount of $6,032.05, in the Regions Bank account ending 5639.

f. On March 12, 2012, defendant LEE caused the negotiation of fraudulently obtained Ohio Valley Bank tax refund check: number 3006501, dated 3/7/2012, payable to B.D. in the amount of $4,727.66, into the Regions Bank account ending 5539.

g. On or about January 22, 2013, defendant LEE deposited a refund check fraudulently obtained by the conspirators in the name of B.E. with a return stating fictitious fuel tax costs into the Regions Bank account ending in 5539.

h. On or about February 14, 2013, defendant LEE deposited a refund check fraudulently obtained by the conspirators in the name of L.L. with a return stating fictitious fuel tax costs in the Regions Bank account ending in 5539.

i. On or about April 15, 2013, defendant LEE sent an email to TERRY entitled "Tamar Wiring Corp Info" that included bank account information for D.R.S.

j. On or about May 6, 2013, defendant LEE deposited a refund check fraudulently obtained by the conspirators in the name of D.R.S. with a return stating fictitious fuel tax costs in the Regions Bank account ending in 5539.

k. On or about February 24, 2014, the defendant, SMITH caused to be filed with the Georgia Secretary of State an "Articles of Amendment of Articles of Incorporation" for TRS Trucking Group Inc.

l. On or about February 24, 2014, defendant, SMITH, opened a business checking account ending in 4771 at a Buckhead branch

of Bank of America, in the name of TRS Trucking Inc., a shell company registered to SMITH in the State of Georgia.

m. On or about February 25, 2014, defendant SMITH deposited a refund check fraudulently obtained by the conspirators in the name of TRS Trucking Inc. with a return stating fictitious fuel tax costs into the Bank of America account ending 4771.

n. On or about March 24, 2014, the defendant, SMITH, caused to be filed with the Georgia Secretary of State an "Articles of Incorporation" for JSA Trucking and Transport.

o. On or about March 25, 2014, defendant SMITH opened a business checking account ending in 8932 at an Ansley Mall branch of Bank of America, in the name of JSA Trucking and Transport, a shell company registered to SMITH in the State of Georgia.

p. On or about March 25, 2014, defendant SMITH deposited a refund check fraudulently obtained by the conspirators in the name of JSA Trucking and Transport with a return stating fictitious fuel tax costs into the Bank of America account ending in 8932.

q. On or about July 28, 2014, in the Northern District of Georgia, defendant SMITH possessed at his residence, and stored for defendant TERRY, the names and social security numbers of approximately 122 individuals without their knowledge and

consent. These identities were used and intended to be used to file fraudulent individual returns without such individuals' consent and to create fictitious companies for the filing of returns claiming falsely claimed fuel tax credits.

All in violation of Title 18, United States Code, Section 371.

## Counts Two through Seven
### False Claims Against the United States – 18 U.S.C. § 287

5. The Grand Jury re-alleges and incorporates by reference the factual allegations in paragraphs 1 through 4 of this indictment as if fully set forth here.

6. On or about the dates listed below, in the Northern District of Georgia, Defendants DON TERRY and JEFFREY SMITH knowingly and intentionally made and presented and caused to be made and presented to the Internal Revenue Service, an agency of the United States Department of the Treasury, claims against the United States for payment of a refund of taxes, which Defendants TERRY and SMITH then and there knew to be materially false, fictitious, and fraudulent. TERRY and SMITH made the claims by preparing and causing to be prepared, and presenting and causing to be presented to said agency, U.S. Corporation Income Tax Returns, Forms 1120, for the corporations and amounts described below, knowing that the claims were materially false, fictitious, and fraudulent in that the named corporations were not entitled to the refunds that were being requested.

| COUNT | DATE | TAX YEAR | CORPORATION NAME | TAX REFUND AMOUNT CLAIMED |
|---|---|---|---|---|
| 2 | 1/15/2014 | 2013 | TRS TRUCKING | $14,690 |
| 3 | 2/23/2014 | 2013 | JSA TRANSPORT | $9,569 |
| 4 | 3/11/2014 | 2013 | VLS TRUCKING | $9,876 |
| 5 | 3/11/2014 | 2013 | SCRUGGS TRANSWAY SERVICES | $9,787 |
| 6 | 6/2/2014 | 2013 | DUNN DEAL TRANSPORTS | $9,969 |
| 7 | 6/24/2014 | 2013 | PLK ALLOCATED LOGISTICS | $9,955 |

All in violation of Title 18, United States Code, Section 287 and Section 2.

**Forfeiture Provision**

7. As a result of committing one or more of the offenses alleged in Counts One through Seven, the defendants, DON TERRY, TAMAR LEE and JEFFREY SMITH, shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, all property, real and personal, constituting or derived from proceeds traceable to the offenses.

8. If, as a result of any act or omission of a Defendant, any property subject to forfeiture:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third person;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be subdivided without difficulty;

the United States intends, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said Defendant up to the value of the forfeitable property.

A _____True_____ BILL

_____
FOREPERSON

BYUNG J. PAK
*United States Attorney*

BRIAN M. PEARCE
*Assistant United States Attorney*
Georgia Bar No. 568768

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181